UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                              19-cr-911 (PKC)

       -against-                                            ORDER

JOSE LUIS COLON-CRUZ,

                  Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Jose Luis Colon-Cruz, who is proceeding pro se, moves for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023. (ECF 100.) He also moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), based on circumstances that he describes as extraordinary and compelling. (ECF 103.)

        The Court will first address the Amendment 821 motion and then address the motion for a sentence reduction based upon extraordinary and compelling circumstances.

Amendment 821.

        On July 22, 2021, defendant was sentenced principally to a term of 92 months' imprisonment. (Minute Entry; ECF 79.)

        The United States Probation Department has issued a report indicating that defendant is not eligible for a sentence reduction under Amendment 821. (ECF 101.) Defendant is not eligible to receive a "Status Points" adjustment because he did not receive an enhancement

for committing the instant offense while under a criminal justice sentence. He is not eligible for the "Zero-Point Offender" offense-level reduction because he did not have zero criminal history points.

Because the defendant is not eligible for either the "Status Points" adjustment or the "Zero-Point Offender" offense-level reduction, he is ineligible for a reduction under Amendment 821.

Extraordinary and Compelling Circumstances.

Provided that the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant states that he administratively applied for a sentence reduction to the warden of his facility and that his application was not answered within 30 days. (ECF 103 at 4.) He annexes an application addressed to "Warden Gunther" dated December 3, 2023, which requests a sentence reduction based on "my extreme conditions," none of which are specified. (Id. at 6.) The statute provides that a defendant may bring a motion following "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Colon-Cruz's motion is dated February 14, 2024. (ECF 103.) More than 30 days lapsed from the date of his administrative application to the filing of his motion, and the Court concludes that the exhaustion requirement is met.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may

warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

Colon-Cruz states that prior to his sentencing, he was housed in the MDC, where he "had to endure all types of Bacteria, and Mold . . . as well as all types of germs that made the Petitioner very sick . . . ." (ECF 103 at 2.) He states that "Covid-19 was not taken very seriously at the facility." (Id.) He describes the MDC as "a constant conveyer belt" of inmates who arrived "with all types of diseases" that went untreated. (Id.) He also points to "corruption" within MDC staff. (Id.)

Colon-Cruz notes that he is now housed FCI Coleman in Florida, which is a low-security institution. (Id. at 3.) He states that he experiences lingering breathing-related effects of the Covid-19 virus, which he states that he contracted at the MDC. (Id.) He asserts that the facility's medical staff is not adequately assisting him with these difficulties. (Id.)

Colon-Cruz has not identified extraordinary and compelling circumstances pertaining to his health that warrant a reduction of his sentence. He does not assert that he is at a heightened risk of severe disease or death based on conditions at FCI Coleman or the purportedly

inadequate medical assistance provided to him.  His generalized assertions of ill health and inadequate treatment do not describe extraordinary and compelling circumstances.  See, e.g., United States v. Chambers, 2023 WL 6850232, at *3 (S.D.N.Y. Oct. 17, 2023) (respiratory illness, the institutional impact of Covid-19 and presence of black mold were not extraordinary and compelling circumstances warranting relief) (Schofield, J.); United States v. Castellanos, 2023 WL 5333198, at *3 (S.D.N.Y. Aug. 18, 2023) ("generalized assertions" of inadequate medical treatment do not demonstrate extraordinary and compelling circumstances) (Chin, J.); United States v. Santana, 2023 WL 2625790, at *3 (S.D.N.Y. Mar. 24, 2023) (noting applicant's failure to demonstrate heightened risk of adverse health outcomes associated with Covid-19) (Engelmayer, J.).

        Colon-Cruz states that he has completed several "highly regarded" programs offered by the BOP and participates in daily programming.  (ECF 103 at 3.)  He states that he works each day.  (Id.)  Such conduct does not amount to extraordinary and compelling circumstances, and rehabilitation alone is not a permissible basis for a reduced sentence. Brooker, 976 F.3d at 237-38.

        Even if Colon-Cruz had demonstrated extraordinary and compelling circumstances, the section 3553(a) factors would weigh against a sentencing reduction.  Colon-Cruz was convicted of conspiring to distribute and possessing with intent to distribute five kilogram and more of cocaine, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(B). The 92-month sentence was within the advisory Sentencing Guidelines.  The Court observed at the sentencing hearing that Colon-Cruz, who was then age 52, had been convicted in federal court on three prior occasions, reflecting that "he has no respect for U.S. law."  (Sentencing Tr. at 9.)  In reviewing the section 3553(a) factors at sentencing, the Court emphasized the extent of

defendant's criminal history, the need to promote respect for the rule of law, the goal of deterrence, and the need to protect the public. (Id. at 9-10.) Those considerations weigh heavily against defendant's motion for a sentence reduction.

CONCLUSION.

Defendant's motion for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines is DENIED. His motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk is respectfully directed to terminate the motions. (ECF 100, 103.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 28, 2024

COPY MAILED TO:

Jose Luis Colon-Cruz
Reg. No. 04119-070
FCI Coleman Low
Federal Correction Institution
P.O. Box 1031
Coleman, FL  33521