UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

19-cr-911 (PKC)

-against-

ORDER

JOSE LUIS COLON-CRUZ,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

On December 11, 2025, Jose Luis Colon-Cruz, who is proceeding pro se, moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government responded on February 20, 2026. For the following reasons, the motion will be denied.

First, Bureau of Prisons records reflect that as of June 15, 2026, Colon-Cruz is no longer in BOP custody.[1] His motion will be denied as moot.

Second, there is no showing that Colon-Cruz exhausted his administrative remedies prior to moving for a sentence reduction. The text of 18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment "after the defendant has fully exhausted all administrative rights . . . ." While the exhaustion requirement is not jurisdictional, United States v. Saladino, 7 F.4th 120, 123 (2d Cir. 2021), Colon-Cruz has made no showing that he has attempted to satisfy this "claim-processing rule," id. The motion will separately be denied based on his failure to exhaust.

[1] https://www.bop.gov/mobile/find_inmate/

Third, if the Court were to reach the merits of the motion, it would conclude that Colon-Cruz's reliance on the 2025 amendment to U.S.S.G. 2D1.1(e) is misplaced. This is because unless a Guidelines amendment is made retroactive, the amendment "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists . . . ." U.S.S.G. 1B1.13(c). The amendment was not made retroactive. Colon-Cruz has not identified extraordinary and compelling circumstances.

Fourth, the section 3553(a) factors would have counseled against granting the motion. Colon Cruz was sentenced to 92 months of imprisonment for his conviction of conspiracy to distribute and possess with intent to distribute narcotics. (ECF 79.) As the Court discussed at sentencing, the conspiracy involved eleven kilograms of cocaine and Colon-Cruz had access to approximately $115,000 in cash. (Sentencing Tr. 8 (ECF 83).) The Court noted that this was Colon-Cruz's fourth conviction in a United States District Court and observed that "he has no respect for U.S. law." (Id. at 9.) The section 3553(a) factors would have weighed heavily against Colon-Cruz's motion.

The motion is therefore DENIED. The Clerk is respectfully directed to terminate the motion at ECF 110.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 7, 2026